# ANASTOPOULO
## LAW FIRM

Akim A. Anastopoulo (SC)
John I. Henderson (SC)
Marianthe L. Kolokithas (SC)
ic M. Poulin (GA)(NC)(SC)
usey Van Valkenburgh (SC)
Roy T. Willey, IV (SC)
Thomas Bailey Smith (SC)*
       *Affiliate Counsel

Toll Free: 1 (800) 313-2546
Facsimile: (843) 853-2291

Reply to North Charleston Office
www.AkimLawFirm.com

Friday, November 21, 2014

Francis Acaylar, M.D.
CareSouth - Bennettsville Pediatrics
210 W. Main Street
Bennettsville, SC 29512

RE:    *Estate of* ▮▮▮▮▮▮▮▮*, Marlboro Drug Company, Inc., et al.*
       *Case No.: 2014-CP-34-176*

Dear Dr. Acaylar:

Enclosed please for service upon you two clocked copies of Plaintiff's Motion for Entry of Default and Request for Hearing on Damages, along with two clocked copies of the Order for Entry of Default and Referral for Hearing on Damages, along with our Certificate of Mailing..

One set of the pleadings is served on you, individually, and the other set is served upon you as employee/agent of CareSouth Carolina, Inc

If you should have any questions, please do not hesitate to contact us.

Sincerely,

*Peggy Teasley*

Peggy Teasley
Litigation Paralegal

Cc:    Caroline Quick (w/encl.)
       Monteith P. Todd, Esquire (w/encl.)

FYI,
I received this
12/1/14 for csc
(went to
ofa)
12/1/14

Mailing: 2557 Ashley Phosphate Road, North Charleston, South Carolina 29418
Pee Dee: 150 W. Evans Street, Florence, South Carolina 29501

Appointment Only: Myrtle Beach * Columbia * Orangeburg * Wilmington, North Carolina

**Exhibit B**

IN THE STATE OF SOUTH CAROLINA  )
COUNTY OF MARLBORO          .    )

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ████████████████

Plaintiff(s),

**CERTIFICATE OF MAILING**

v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

Defendant(s).

I certify that I have served a copy of the following document(s) on the individuals below named
by hand delivery or by depositing a copy in a first class postage pre-paid envelope in the United
States mail at North Charleston, South Carolina and addressed as follows:

Francis Acaylar, M.D.
CareSouth – Bennettsville Pediatrics
210 W. Main Street
Bennettsville, SC  29512

Monteith P. Todd
Sowell, Gray
P. O. Box 11449
Columbia, SC  29211

**Documents Served**

Plaintiff's Filed Motion for Entry of Default and Request for Hearing on Damages and Filed
Order fro Entry of Default and Referral for Hearing on Damages.

This 21st day of November, 2014

Peggy Teasley
Litigation Paralegal

1

| IN THE STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF MARLBORO ) | |

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ██████████████

                           Plaintiff(s),

        v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

                            Defendant(s).

CASE NO.: 2014-CP-34-176

**MOTION AND ORDER
INFORMATION FORM AND COVER
SHEET**

| Plaintiff's Attorney: Roy T. Willey IV | Defendant's Attorney: Monteith P. Todd |
|---|---|
| Bar Number: 101010 | Bar Number: |
| Address: 2557 Ashley Phosphate Road | Address: Sowell Gray |
|     North Charleston, SC 29418 | P.O. Box 11449 |
| Phone: 843-614-8888 Fax: 843-853-2291 |     Columbia, SC 29211 |
| E-Mail: roy@akimlawfirm.com | Phone: (803) 929-1400 |
| | E-Mail: mtodd@sowellgray.com |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTINONS III and III)**
☐ **PROPOSED ORDER / CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**
Nature of Motion: Motion for Entry of Default – Request for Damages Hearing
Estimated Time Needed: 45 Min. Court Reporter Need: ☒ YES / ☐ NO

**SECTION II: Motion / Order Type**
☐ Written motion attached
☒ Form Motion / Order
    I hereby move for relief or action by the court as set forth in the attached proposed order.

                                     Monday, November 3, 2014
Signature of Attorney for ☒ Plaintiff / ☐ Defendants    Date Submitted

**SECTION III: Motion Fee**
☒ PAID – AMOUNT: $25.00
☐ EXEMPT:  ☐ Rule to Show Cause in Child or Spousal Support
        ☐ Domestic Abuse or Abuse and Neglect
        ☐ Indigent Status  ☐ State Agency v. Indigent Party
        ☐ Sexually Violent Predator Act ☐ Post-Conviction Relief
        ☐ Motion for Stay in Bankruptcy
        ☐ Motion for Publication ☐ Motion for Execution (Rule 69, SCRCP)
        ☐ Proposal order submitted at request of the court; or, reduced to writing from
        motion made in open court per judge's instructions

*[Stamp:]* 2014 NOV 13 AM 9 47 FILED WILLIAM F. PENDERBURK CLERK OF COURT MARLBORO COUNTY, SC

*CERTIFIED*
*TRUE COPY*

*CLERK OF COURT*
*MARLBORO COUNTY*

| Name of Court Reporter: _____ | |
|---|---|
| ☐ Other: | |

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | _____ |
| ☐ Other: | JUDGE |
| | CODE: _____  DATE: _____ |

| **CLERK'S SECTION** | |
|---|---|
| | Date Filed: |
| Collected by: _____ | |
| ☐ MOTION FEE COLLECTED: _____ | |
| ☐ CONTESTED – AMOUNT DUE: _____ | |

FILED
2014 NOV 13 AM 9 47
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

A CERTIFIED
TRUE COPY

William B. Funderburk

CLERK OF COURT
MARLBORO COUNTY

IN THE STATE OF SOUTH CAROLINA    )
COUNTY OF MARLBORO                )

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ▮▮▮▮▮▮▮▮

Plaintiff(s),

v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

Defendant(s).

**PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT AND REQUEST FOR
HEARING ON DAMAGES**

COMES NOW the Plaintiff, by and through undersigned counsel, who asks the

Clerk of Court to enter default against the Defendant FRANCIS ACAYLAR, M.D., individually

and as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH

CAROLINA, INC., and schedule a hearing to determine damages.

**INTRODUCTION**

1.    Plaintiff brought this action against Defendant FRANCIS ACAYLAR, M.D.,

individually and as an employee/agent of CARESOUTH CAROLINA, INC. and

CARESOUTH CAROLINA, INC., for medical malpractice resulting in the death of her

seven year-old child. After proper service via Certified Mailing, which was properly

delivered and returned signed, Defendant FRANCIS ACAYLAR, M.D., individually and

as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH

CAROLINA, INC., did not file responsive pleadings or otherwise defend the suit.

A CERTIFIED
TRUE COPY

William B. ~~~~~~~~

*CLERK OF COURT
MARLBORO COUNTY*

2.    Plaintiff is, therefore, entitled to entry of default and a hearing on damages.

### ARGUMENT AND AUTHORITIES

3.    Rule 55(a) directs the Clerk of the Court to enter default against a party who has not filed a responsive pleading or otherwise defended the suit.  SCRCP 55(a).

4.    Rule 55(b) permits the court to enter default judgment against a party against whom default has been entered.  SCRCP 55(b)(1).

5.    Plaintiff meets the procedural requirements for obtaining an entry of default as demonstrated by attorney Roy T. Willey IV's sworn affidavit, attached as **Exhibit A**.

6.    Plaintiff does not seek affirmative relief against an infant, an incompetent person, or the State of South Carolina.

Upon information and belief, neither Defendant FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC., nor CARESOUTH CAROLINA, INC., are in the Military Service of the United States and thus they are not entitled to the protection of the Civil Relief Act of 1940 and Amendments thereto. [**Exhibit B**].

Plaintiff filed a Summons and Amended Complaint on all Defendants related to this action.  Plaintiff served Defendant Acaylar with a copy of the filed Amended Summons and Complaint through Certified Mail, Return Receipt Requested on September 22, 2014.  A filed copy of the Affidavit Service by Anastopoulo Law Firm is attached herein as **Exhibit C**. Under SCRCP 12(a), the time for Defendant to respond is thirty (30) days after being served with process.

Plaintiff served Defendant CARESOUTH CAROLINA, INC. with a copy of the filed Amended Summons and Complaint through Certified Mail Return Receipt Requested on

*CERTIFIED*
*TRUE COPY*

William B. Sundubush

*CLERK OF COURT*
*MARLBORO COUNTY*

September 4, 2014. A filed copy of the Proof of Service for CARESOUTH CAROLINA, INC.'s

by and through its Agent for Service for Service is attached herein as **Exhibit D.**

7.     Because Defendant FRANCIS ACAYLAR, M.D., individually and as an employee/agent

of CARESOUTH CAROLINA, INC did not file a responsive pleading or otherwise

defend, Plaintiff is entitled to Entry of Default.

8.     Because Defendant CARESOUTH CAROLINA, INC., did not file a responsive pleading

or otherwise defend, Plaintiff is entitled to Entry of Default.

9.     Plaintiff's damages are unliquidated and a hearing is requested to receive evidence of

Plaintiff's damages.

### PRAYER

For these reasons, Plaintiff asks the Court to enter a Default against Defendant FRANCIS

ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC,

and CARESOUTH CAROLINA, INC., and to schedule an evidentiary hearing to determine

Plaintiff's damages.

Respectfully Submitted,

ANASTOPOULO LAW FIRM, LLC

Roy T. Willey IV, Esquire
SC Bar Number: 101010
Eric M. Poulin, Esquire
SC Bar Number: 100209
Anastopoulo Law Firm, LLC
2557 Ashley Phosphate Road
North Charleston, SC 29418
(843) 614-8888

Charleston, South Carolina
NOV. 3 , 2014

*A CERTIFIED
TRUE COPY*

William B. Sunderland

*CLERK OF COURT
MARLBORO COUNTY*

# EXHIBIT A
## (Affidavit of Counsel)

FILED
2014 NOV 13 AM 9 48
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk

*CLERK OF COURT*
*MARLBORO COUNTY*

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ███████████

                                    Plaintiff(s),

                        v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

                                    Defendant(s).

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176


**AFFIDAVIT OF ROY T. WILLEY IV AS
COUNSEL FOR PLAINTIFF**


**COMES NOW**, the affiant, Roy T. Willey IV, and first being duly sworn upon his oath under the pains and penalties of perjury now states the following:

1.  I am the above named affiant, Roy T. Willey IV.

2.  I, Roy T. Willey IV, am an attorney with Anastopoulo Law Firm, LLC.

3.  On September 12, 2014, my office served, via USPS Certified Mail, Return Receipt Requested, a filed copy of the Amended Summons and Complaint in the above captioned matter on FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC. at the address below:
        CareSouth-Bennettsville Pediatrics
        210 W. Main Street
        Bennettsville, SC 29512

4.  On September 4, 2014, my office served, via USPS Certified Mail, Return Receipt Requested, a filed copy of the Amended Summons and Complaint in the above captioned matter on CARESOUTH CAROLINA, INC. at the address below:
        Todd Shifflet
        201 South Fifth St.
        Hartsville, SC 29551
        Agent for Service
        Caresouth Carolina, Inc.

*A CERTIFIED
TRUE COPY*

William B. Funderburk

*CLERK OF COURT
MARLBORO COUNTY*

5.    Upon information and belief, neither Defendant FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC., nor CARESOUTH CAROLINA, INC., is an infant or incompetent adult.

6.    As of today's date, Monday, November 3, 2014, Defendant FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH CAROLINA, INC., have failed to file responsive pleadings.

Signature of Affiant

Roy T. Willey IV, ESQ.

SWORN BEFORE ME THIS 3rd day of Nov 2014.

NOTARY PUBLIC FOR THE STATE OF SOUTH CAROLINA
My commission expires: 12-19-2017

2014 NOV 13 AM 9 48

WILLIAM E. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

FILED

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk

*CLERK OF COURT*
*MARLBORO COUNTY*

# EXHIBIT B
# (Affidavit of Non-Military Service)

FILED

2014 NOV 13 AM 9 48

WILLIAM E. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk

*CLERK OF COURT*
*MARLBORO COUNTY*

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ███████████

                Plaintiff(s),

v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

                Defendant(s).

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

**AFFIDAVIT OF NON-MILITARY
SERVICE**

2014 NOV 1 AM 9 08
WILLIAM B. VUNDERBURK
CLERK OF COURT
MARLBORO COUNTY

FILED

      Personally appeared before me the undersigned attorney, who first being duly sworn,

deposes and says:

      That he is familiar with the provisions of 50 App. Section 520, Civil Relief Act of 1940,

and to induce the Court to enter a default judgment against Defendant FRANCIS ACAYLAR,

M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC, and

CARESOUTH CAROLINA, INC., represents to the Court that from his file in this matter, and

on information and belief based on the hereinafter enumerated facts, Defendant FRANCIS

ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC,

and CARESOUTH CAROLINA, INC., are not in the Military Service of the United States and

not entitled to the protection of the Civil Relief Act of 1940 and Amendments thereto. The

*A CERTIFIED
TRUE COPY*

William B. Vunderburk

*CLERK OF COURT
MARLBORO COUNTY*

source of information on which he bases his belief is as follows: Research made by the

Anastopoulo Law Firm, LLC and Plaintiff.

Signature of Affiant:

Roy T. Willey IV, ESQ.

SWORN BEFORE ME THIS 3rd day of Nov 2014.

NOTARY PUBLIC FOR THE STATE OF SOUTH CAROLINA
My commission expires: 12-19-2017

FILED

2014 NOV 13 AM 9 48

WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

A CERTIFIED
TRUE COPY

William B. Funderburk

CLERK OF COURT
MARLBORO COUNTY

# EXHIBIT C
## (Proof of Service)

FILED
2014 NOV 13 AM 9 48
WILLIAM S. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

A CERTIFIED
TRUE COPY
William B. Funderburk
CLERK OF COURT
MARLBORO COUNTY

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ███████

                                    Plaintiff(s),

                v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESHOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC. and MARLBORO DRUG CO.,
INC.,

                                    Defendant(s).

**AFFIDAVIT OF SERVICE**

2014 SEP 19 PM 1 36
FILED
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.

I, Peggy Teasley, Litigation Paralegal for Anastopoulo Law Firm, affirm that I have
served the Defendant Francis Acaylar, M.D., in the above entitled action, with the Amended
Summons and Complaint. I further certify that the Defendant was served by certified mail,
restricted delivery, proof of which is attached hereto as Exhibit "A."

                                                    _Peggy Teasley_
                                                    Peggy Teasley
                                                    Litigation Paralegal

Sworn to before me this _17th_ day of
_September_, 2014

_____
Notary Public for South Carolina
My Commission Expires _____

*A CERTIFIED*
*TRUE COPY*

_William B. Funderburk_
*CLERK OF COURT*
*MARLBORO COUNTY*

*A CERTIFIED*
*TRUE COPY*

_William B. Funderburk_
*CLERK OF COURT*
*MARLBORO COUNTY*

1

FILED

2014 SEP 19 PM 1:37

WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
_____

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Francis ACAYLAR, M.D.
CareSouth - Bennettsville Peds
910 W. Main St.
Bennettsville, SC 29512

3. Service Type
☒ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number
(Transfer from service label)    7014 0510 0001 7088 6187

PS Form 3811, July 2013    Domestic Return Receipt

A CERTIFIED
TRUE COPY

*William B. Funderburk*

CLERK OF COURT
MARLBORO COUNTY



EXHIBIT

A

A CERTIFIED
TRUE COPY

*William B. Funderburk*

CLERK OF COURT
MARLBORO COUNTY

# EXHIBIT D
# (Proof of Service)

FILED

2014 NOV 13 AM 9 48

WILLIAM ... VANDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

A CERTIFIED
TRUE COPY

William B. Vanderburk

CLERK OF COURT
MARLBORO COUNTY

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ████████████

                              Plaintiff(s),

                v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

                              Defendant(s).

**PROOF OF SERVICE FOR
CARESOUTH CAROLINA, INC. BY
AND THROUGH ITS AGENT FOR
SERVICE TODD SHIFFLET**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Todd Shifflet
201 South Fifth St
Hartsville, SC 29551
Agent For Service
Caresouth Carolina, Inc

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Todd_____    ☐ Agent
                   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
   _____

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
   (Transfer from service label)    7014 0510 0001 7088 6170

PS Form 3811, July 2013    Domestic Return Receipt

*A CERTIFIED
TRUE COPY*

William B. ████████

*CLERK OF COURT
MARLBORO COUNTY*

1

Respectfully Submitted,

Peggy Teasley
Litigation Paralegal
Anastopoulo Law Firm, LLC
2557 Ashley Phosphate Road
North Charleston, SC 29418
(843) 614-8888

Dated at North Charleston, SC
This 11th day of Sept, 2014.

2014 NOV 13 AM 9 48
WILLIAM - UNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC
FILED

A CERTIFIED
TRUE COPY
William B. Funderburk
CLERK OF COURT
MARLBORO COUNTY

2

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ████████████

Plaintiff(s),

v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

Defendant(s).

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

**ORDER FOR ENTRY OF DEFAULT
AND REFERRAL FOR HEARING ON
DAMAGES**

The Amended Summons and Complaint was served on Defendant FRANCIS

ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC.,

via Certified Mail on September 12, 2014 and on Defendant CARESOUTH CAROLINA, INC.,

via Certified Mail on September 4, 2014. Defendants FRANCIS ACAYLAR, M.D., individually

and as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH

CAROLINA, INC., failed to submit responsive pleadings or defend the suit and thereafter,

Plaintiff filed a Motion for Entry of Default and Request for a Hearing on Damages.

**THE COURT HEREBY FINDS** Defendants FRANCIS ACAYLAR, M.D.,

individually and as an employee/agent of CARESOUTH CAROLINA, INC., and CARESOUTH

CAROLINA, INC., were properly served via Certified Mail Return Receipt Requested and failed

to file and/or serve responsive pleadings within 30 days and Plaintiff properly moved for entry of

default by motion dated November 3, 2014.

*A CERTIFIED
TRUE COPY*

William B. Burchelwalk

*CLERK OF COURT
MARLBORO COUNTY*

**IT ORDERED** that Defendants FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH CAROLINA, INC., are in Default and this Entry of Default is considered effective as of November 3, 2014, the date the Court was first notified of Defendant FRANCIS ACAYLAR, M.D., individually and as an employee/agent of CARESOUTH CAROLINA, INC, and CARESOUTH CAROLINA, INC's default through Plaintiff's Motion For Entry of Default.

**IT SO FURTHER ORDERED** that this matter is to be set on the Court's docket for a hearing on damages pursuant to Plaintiff's request.

Dated: 11-10-14

William B. Funderburk
Clerk of Court
Marlboro County Court of Common Pleas

2014 NOV 13 AM 9 48
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC
FILED

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk

*CLERK OF COURT*
*MARLBORO COUNTY*

# ANASTOPOULO
# LAW FIRM

Akim A. Anastopoulo (SC)
~enee M. Anderson (SC)
~ an C. Andrews (SC)
~ohn I. Henderson (SC)
Marianthe L. Kolokithas (SC)
Eric M. Poulin (GA)(NC)(SC)
Casey Van Valkenburgh (SC)(IL)(MO)
Roy T. Willey, IV (SC)
Thomas Bailey Smith (SC)*
         *Affiliate Counsel

Toll Free: 1 (800) 313-2546
Facsimile: (843) 853-2291

Reply to North Charleston Office
www.AkimLawFirm.com

Wednesday, August 27, 2014

**Sent Via Certified Mail, Return Receipt Requested**
Caresouth Carolina, Inc.
c/o Todd Shifflet
201 South Fifth Street
Hartsville, SC  29551

RE:    *Estate of* ▊▊▊▊▊▊ *v. Marlboro Drug Company, Inc., et al.*
       *Case No.: 2014-CP-34-176*

Dear Mr. Shifflet

Enclosed for service upon you, as registered agent for Caresouth Carolina, Inc.  please find a
copy of the Amended Summons & Complaint that has been filed in the above referenced action.

Upon receipt, please forward this letter and these important legal papers to the appropriate legal
representative **immediately**.  These documents are time sensitive.

Sincerely,

Roy T. Willey IV
RTW, IV/mat
Enclosures

Cc:    Carolina Quick (w/o encl.)

Mailing: 2557 Ashley Phosphate Road, North Charleston, South Carolina 29418
Pee Dee: 150 W. Evans Street, Florence, South Carolina 29501

Appointment Only: Myrtle Beach * Columbia * Orangeburg * Wilmington, North Carolina

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF MARLBORO )

IN THE COURT OF COMMON PLEAS
FOR THE 4TH JUDICIAL CIRCUIT
CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF ▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiff(s),

v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

Defendant(s).

**AMENDED SUMMONS
(Jury Trial Demanded)**



## TO:    THE DEFENDANT(S) ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to Answer the Amended Complaint

in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer

to said Amended Complaint upon the Plaintiff or their attorneys, Roy T. Willey IV and Eric M.

Poulin, at their office, 2557 Ashley Phosphate Road, North Charleston, South Carolina, 29418,

within (30) days after the service hereof, exclusive of the day of such service and if you fail to

Answer the Amended Complaint within the time aforesaid, Plaintiff will apply to the court for

the relief demanded in the Complaint.

Dated at North Charleston, South Carolina on the 27 day of June , 2014.

[SIGNATURE ON FOLLOWING PAGE]

**ANASTOPOULO LAW FIRM, LLC**

Roy T. Willey IV, Esquire
S.C. Bar No.: 101010
Eric M. Poulin, Esquire
S.C. Bar No.: 100209
Anastopoulo Law Firm, LLC
2557 Ashley Phosphate Road
North Charleston, SC 29418
(843) 614-8888

A CERTIFIED
TRUE COPY
CLERK OF COURT
MARLBORO COUNTY

2014 JUL 2  AM 10 25
WILLIAM E. DEAREYBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.

FILED

IN THE STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
COUNTY OF MARLBORO           )    FOR THE 4TH JUDICIAL CIRCUIT
                                      CASE NO: 2014-CP-34-176

CAROLINE QUICK, individually and as
Personal Representative of THE ESTATE
OF █████████████████

                 Plaintiff(s),       **AMENDED COMPLAINT**
                                 **(Jury Trial Demanded)**
       v.

FRANCIS ACAYLAR, M.D., individually
and as an employee/agent of
CARESOUTH CAROLINA, INC;
CARESOUTH CAROLINA, INC.; ROY
PARNELL, individually and as an
employee/agent of MARLBORO DRUG
CO., INC.; and MARLBORO DRUG CO.,
INC.,

                Defendant(s).

      COMES NOW the Plaintiffs, Caroline Quick, individually and as Personal

Representative of The Estate of █████████████ by and through undersigned counsel,

complaining of the Defendants, who would allege and show unto this Court the following:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. That the Plaintiff, Caroline Quick, (herein referred to collectively with the Estate of

     ████████████ as "Plaintiffs") is a citizen and resident of Marlboro County, State of

     South Carolina.

2. That the Plaintiff's Decedent, ████████████, was a citizen and resident of Marlboro

     County at the time of her death.

3. That the Estate of ████████████ was probated in Marlboro County, State of South

     Carolina, and that Caroline Quick is the duly appointed Personal Representative of said

     Estate.

4. That Defendant, Francis Acaylar, M.D. is, (hereinafter referred to as "Defendant Acaylar") upon information and belief, a resident of South Carolina and a physician licensed to practice in the State, and was at all times pertinent hereto, practicing medicine in Marlboro County, State of South Carolina.

5. That upon information and belief, Defendant Caresouth Carolina, Inc., (herein referred to as "Defendant Caresouth") is a non-profit corporation doing business in Marlboro County, State of South Carolina.

6. That upon information and belief, Defendant Caresouth is organized and existing pursuant to the laws of the state of South Carolina, and can be served with process to its Registered Agent, Todd Shifflet, at 201 South Fifth Street, Hartsville, SC, 29551.

7. That upon information and belief, Defendant Roy Parnell (hereinafter referred to as "Defendant Pharmacist") is a resident of South Carolina and is licensed in the State of South Carolina as a Pharmacist, and was at all times pertinent hereto, practicing pharmacy in Marlboro County, State of South Carolina.

8. That upon information and belief, Defendant Marlboro Drug Co., Inc., (herein referred to as "Defendant Marlboro") is a for-profit corporation doing business in Marlboro County, State of South Carolina.

9. That upon information and belief, Defendant Marlboro is organized and existing pursuant to the laws of the state of South Carolina, and can be served with process to its Registered Agent, Gordon M. Herndon, at 113 Marlboro Avenue, Bennettsville, SC.

10. That the events that give rise to this action took place in Marlboro County, State of South Carolina

*A CERTIFIED TRUE COPY*

William B. Funderburk

CLERK OF COURT
MARLBORO COUNTY

2

11. That an Affidavit of an expert witness, subject to the Affidavit requirements established in § 15-36-100 of the 1976 South Carolina Code of Laws as amended, is attached hereto as Exhibit A along with the CV of said expert witness.

12. That Plaintiffs filed a Notice of Intent in the Court of Common Pleas on December 5, 2013, styled 2013-CP-34-00254 and subsequently served all Defendants [Exhibit B].

13. That on May 21, 2014, the Honorable Judge Clifton Newman filed an order exempting this matter from Pre-suit Mediation as prescribed by S.C. Code § 15-79-125 [Exhibit C].

14. That in or about October of 2008, Plaintiff's decedent began having stomach problems.

15. That on or about October 1, 2008, Plaintiff's decedent was taken to Defendant Caresouth's facility to seek treatment from Defendant Acaylar.

16. That Defendant Acaylar treated Plaintiff's decedent and diagnosed Plaintiff's decedent with gastrointestinal reflux disease.

17. That Defendant Acaylar prescribed Zantac to Plaintiff's decedent with a high dosage regimen of three and one-quarter (3 ¼) teaspoonfuls twice daily for two (2) to four (4) weeks.

18. That the usual pediatric regimen of Zantac is three-quarters (3/4) of a teaspoonful twice daily.

19. That Defendant Acaylar was employed by Defendant Caresouth.

20. That Defendant Acaylar was acting in the course and scope of employment with Defendant Caresouth when he prescribed Zantac to Plaintiff's decedent.

21. That Plaintiffs went to Defendant Marlboro's facility to have Plaintiff's decedent's prescription of Zantac filled.

22. That Defendant Pharmacist filled Plaintiff's decedent's prescription of Zantac.

A CERTIFIED TRUE COPY

3

23. That Defendant Pharmacist instructed that the Zantac be given at three and one-quarter (3 ¼) teaspoonfuls twice daily for two (2) to four (4) weeks.

24. That Defendant Pharmacist was employed by Defendant Marlboro.

25. That Defendant Pharmacist was acting in the course and scope of employment with Defendant Marlboro when he filled Plaintiff's decedent's prescription of Zantac.

26. That Defendants had a duty to provide reasonable, appropriate, and adequate care to Plaintiff's decedent pursuant to state and federal laws, rules, regulations, guidelines and existing industry standards.

27. That Defendants Caresouth and Marlboro are liable and responsible for the acts and omissions of their employees, agents, and servants under the principle of *respondeat superior*.

28. That Defendants, their officers, agents, servants, and employees failed, refused, or neglected to perform the duties to provide reasonable and adequate health care for Plaintiff's decedent, who was unable to attend to her own health and safety.

29. That the Defendants, their officers, agents, servants, and employees negligently, recklessly and carelessly failed to provide care and treatment to Plaintiff's decedent.

30. That the Defendants had a duty of due care to their patients to discover, warn and/or prevent risks; to take reasonable safety precautions; to eliminate unreasonable risks; to prescribe an appropriate dosage of medication; to fill an appropriate dosage of medication; and to provide protection from harm.

31. That the Defendants, by and through their agents, servants, and employees, were negligent, willful, wanton, reckless, careless and grossly negligent and deviated from the expected standards of skill, care, and learning in their treatment of Plaintiff's decedent.

4

32. That Plaintiff's decedent suffered as a result of Defendant Acaylar's over-prescription of Zantac.

33. That Plaintiff's decedent suffered as a result of Defendant Pharmacist's instructions regarding the contemporaneous filling of Defendant Acaylar's over-prescription of Zantac.

34. That approximately one (1) week into her ingestion of the over-prescribed Zantac, Plaintiff's decedent developed tremors, shaking, difficulty walking, left eye deviation, and unusual sleepiness with difficulty to be aroused.

35. That Plaintiff's decedent was ingesting the over-prescription of Zantac for an extended period of time.

36. That approximately three (3) weeks after being prescribed Zantac, it was discovered that Plaintiff's decedent was over-prescribed Zantac.

37. That approximately three (3) weeks after being prescribed Zantac, it was discovered that Plaintiff's decedent was suffering from a Zantac overdose.

38. That Plaintiff's decedent would not have ingested the over-prescription of Zantac but for Defendant Acaylar's prescription and Defendant Pharmacist's instruction.

39. That after and as a result of being over-prescribed Zantac, Plaintiff's decedent was diagnosed with leukocytosis.

40. That prior to her over ingesting Zantac as a result of Defendant Acaylar's prescription and Defendant Pharmacist's instruction, Plaintiff's decedent had never experienced tremors, shaking, difficulty walking, left eye deviation, and unusual sleepiness with difficulty to be aroused.

A CERTIFIED
TRUE COPY

5

41. That prior to her over ingesting Zantac as a result of Defendant Acaylar's prescription and Defendant Pharmacist's instruction, Plaintiff's decedent had never been diagnosed with leukocytosis.

42. That Plaintiff's decedent's over ingesting of Zantac caused and/or contributed to Plaintiff's decedent experiencing tremors, shaking, difficulty walking, left eye deviation, unusual sleepiness with difficulty to be aroused, and leukocytosis.

43. That from October of 2008 until her untimely death on June 9, 2013, Plaintiff's decedent was treated in and out of the hospital for the various effects of the Zantac overdose.

44. That Defendant Acaylar had a duty to prescribe an appropriate dosage amount of Zantac to Plaintiff's decedent and did breach this duty as set forth more fully below.

45. That Defendant Acalyar had a duty to check his prescription for errors and did breach this duty as set forth more fully above.

46. That Defendant Pharmacist had a duty to instruct an appropriate dosage amount of Zantac to Plaintiff's decedent and did breach this duty as set forth more fully above.

47. That Defendant Pharmacist had a duty to ensure that an appropriate dose of medication is given to persons seeking to have their prescriptions filled and did breach this duty as set forth more fully above.

48. That upon information and belief, Defendant Caresouth had sole discretion in the hiring, supervision, and retention of Defendant Acaylar.

49. That upon information and belief, Defendant Caresouth knew or should have known of Defendant Acaylar's propensity to perform work in a negligent matter.

50. That upon information and belief, Defendant Caresouth knew or should have known of Defendant Acaylar's negligently overprescribing Zantac to Plaintiff's decedent.

6

51. That Defendant Caresouth's negligent hiring, supervision, and retention of Defendant Acaylar was a proximate cause of Plaintiffs' injuries and damages as set forth more fully herein.

52. That upon information and belief, Defendant Marlboro had sole discretion in the hiring, supervision, and retention of Defendant Pharmacist.

53. That upon information and belief, Defendant Marlboro knew or should have known of Defendant Pharmacist's propensity to perform work in a negligent matter.

54. That upon information and belief, Defendant Marlboro knew or should have known of Defendant Pharmacist's negligently instructing as to the over-prescription of Zantac to Plaintiff's decedent.

55. That Defendant Marlboro's negligent hiring, supervision, and retention of Defendant Pharmacist was a proximate cause of Plaintiffs' injuries and damages as set forth more fully herein.

56. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully above, Plaintiff's decedent and her beneficiaries were injured, endured pain and suffering, have suffered mentally and emotionally, have incurred various expenses, and have otherwise been damaged and injured.

57. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, as is set forth more fully above, Plaintiff's decedent experienced a Zantac overdose, causing her to sustain serious and painful personal injuries, ultimately resulting in death.

58. That upon information and belief, Plaintiffs are entitled to judgment against the

7

Defendants for actual, compensatory and exemplary or punitive damages for the personal

injuries set forth herein in an amount that is fair, just and reasonable under the

circumstances, plus whatever costs, interest and attorney fees that she may be entitled, to

be determined by a jury.

59. That as a direct and proximate result of the negligence, gross negligence, carelessness,

reclessness, willfulness and wantonness of the Defendants, as is set forth more fully

above, Plaintiff's decedent and her beneficiaries have been damaged and injured in the

following respects:

### AS A FIRST CLAIM FOR RELIEF
### Survival Action (S.C. Code Ann. § 15-5-90)

60. Plaintiffs restate and re-allege every allegation set forth above as if stated herein

verbatim.

61. That as a consequence of the events set forth in this Complaint, and as a direct and

proximate cause of the negligence of the Defendants as aforesaid, Decedent was caused

to sustain great conscious pain and suffering prior to her death, which injuries are

compensable under South Carolina Code of Laws, Section 15-5-90.

62. That Decedent was painfully and seriously injured as a result of the negligence of the

Defendants, for which a claim is hereby made by her estate and administrators for full

and complete compensation for her conscious pain and suffering.

### AS A SECOND CLAIM FOR RELIEF
### Wrongful Death (S.C. Code Ann. § 15-51-10)

63. Plaintiffs restate and re-allege every allegation set forth above as if stated herein

verbatim.

*A CERTIFIED*
*TRUE COPY*

William B. Thunderburk

*CLERK OF COURT*
*MARLBORO COUNTY*

8

64. That Defendants knew or should have known that Decedent would suffer foreseeable injury, including death, as a result of their failure to exercise ordinary care as alleged herein.

65. That as a direct and proximate cause of the Defendants' conduct, as aforesaid, Decedent lost her life and her beneficiaries under the Wrongful Death Act, for whom this action is brought, have experienced pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of decedent's society, and are entitled to relief for the same.

### AS A THIRD CLAIM FOR RELIEF
#### Punitive Damages

66. Plaintiffs restate and re-allege every allegation set forth above as if stated herein verbatim.

67. That Defendants' acts and omissions, as set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising the presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

68. That because of the Defendants' acts and omissions and the proximate harm resulting therefrom, Plaintiffs should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize this defendant and to deter this defendant and others from similar behavior.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants, on behalf of the Estate and Decedent's statutory beneficiaries, for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in

9

A CERTIFIED
TRUE COPY
CLERK OF COURT
MARLBORO COUNTY

FILED

2014 JUL  2  AM 10 26

WILLIAM C. HENDERBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.

# EXHIBIT A

### AFFIDAVIT OF HARRY A. MILMAN, Ph.D.

October 25, 2013

STATE OF MARYLAND          )
                                               )§:
COUNTY OF MONTGOMERY )

BEFORE ME the undersigned authority personally appeared, **Harry A. Milman,**

**Ph.D.,** who, after first being sworn deposes and says:

1.  I am a Pharmacologist and Toxicologist with a Doctor of Philosophy

    (Ph.D.; 1978) degree in pharmacology from the George Washington

    University, a Master of Science (M.S.; 1968) degree in pharmaceutics

    from St. John's University and a Bachelor of Science (B.S.; 1966) degree

    in pharmacy from Columbia University.  In addition, I was licensed in

    pharmacy for over 30 years and have over 40 years' experience in

    toxicology and pharmacology.  Furthermore, I have published five books

    and over 70 scientific papers and abstracts in toxicology, pharmacology

    and carcinogenesis and am a past president of the National Capital Area

    Chapter of the Society of Toxicology, a member of the Society of

    Toxicology and a member of the American Society for Pharmacology and

    Experimental Therapeutics.

2.  I am fully familiar with the drug known by its trade name Zantac and have

    had the opportunity to review all of the relevant medical records of ▮▮▮▮

    ▮▮▮▮▮ from Care South Carolina, Scotland Memorial Hospital and

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk

*CLERK OF COURT*₁
*MARLBORO COUNTY*

McLeod Regional Medical Center as well as the published scientific literature on Zantac.

## OPINIONS:

The opinions offered herein are to a reasonable degree of scientific probability and based upon my education, experience and training in pharmacology, pharmacy and toxicology; a review of the relevant medical records of ███████████ and a review of the manufacturer's product literature on Zantac and published scientific literature.

## BACKGROUND:

On October 1, 2008, at ███ months of age, ███████████ was diagnosed with gastrointestinal reflux disease for which she was prescribed Zantac by Rx. Francis Acaylar at the erroneous high dosage regimen of 3¼ teaspoonfuls twice a day for 2 to 4 weeks (*e.g.,* usual therapeutic pediatric dose of Zantac is ¾ teaspoonful twice a day.)  One week into her treatment, ██████ developed tremors, shaking, difficulty walking, left eye deviation, and unusual sleepiness with difficulty to be aroused.  Then, on October 22, 2008, only three weeks after she began treatment with Zantac, ██████ was diagnosed with leukocytosis.

## OPINION:

In my professional opinion, within a reasonable degree of scientific probability, ███████████'s symptoms of tremors, shaking, difficulty walking

*A CERTIFIED*
*TRUE COPY*

William B. Funderburk
*CLERK OF COURT*
*MARLBORO COUNTY*

WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY S.C.
2013 DEC 5 PM 3:33
FILED

unusual sleepiness with difficulty to be aroused, and leukocytosis were caused or contributed to by her treatment with high doses of Zantac. In addition, ███████'s treatment with an overdose of Zantac was a contributing factor to her death.

### BASIS OF THE OPINION:

1. On October 1, 2008, ███████ was suffering from symptoms of gastrointestinal disease for which she was prescribed Zantac to be consumed at a dosage regimen of 3¼ teaspoonfuls twice a day for 2 to 4 weeks. Within one week of her treatment, she began to experience symptoms of tremors, shaking, difficulty walking, and unusual sleepiness with difficulty to be aroused.

2. On October 21, 2008, ███ was diagnosed at Care South Carolina with a Zantac overdose.

3. ███████ did not suffer from symptoms of tremors, shaking, difficulty walking, and unusual sleepiness before she began treatment with high doses of Zantac on October 1, 2008.

4. On October 22, 2008, only three weeks after ███ began treatment with high doses of Zantac, she was diagnosed with leukocytosis, a condition for which she had never been diagnosed with before.

5. The manufacturer's product literature on Zantac describes adverse reactions caused by Zantac including reports of involuntary motor disturbances, somnolence and blood count changes including

*A CERTIFIED TRUE COPY*

William B. ███████

*CLERK OF COURT
MARLBORO COUNTY*

3

leukopenia, granulocytopenia and thrombocytopenia. ▬▬▬▬
experienced all of these symptoms after she began treatment with high
doses of Zantac.

6. The manufacturer's product literature on Zantac further reports that
abnormalities of gait have been reported following an overdosage of
Zantac. ▬▬▬ experienced abnormalities of gait after she began
treatment with high doses of Zantac.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Harry A. Milman_
Harry A. Milman, Ph.D.

2013 DEC 5 PM 2 39
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC
FILED

**SWORN to and SUBSCRIBED** before me this twenty fifth day of October
2013.

_Sofia Alhalaseh_
Notary Public, State of Maryland

My Commission Expires: _____

*A CERTIFIED*
*TRUE COPY*

*William B. Funderburk*

*CLERK OF COURT*
*MARLBORO COUNTY*

10/25/2013

SOFIA ALHALASEH
NOTARY PUBLIC STATE OF MARYLAND
MONTGOMERY COUNTY
MY COMMISSION EXPIRES NOV. 30, 2016

4

# HARRY A. MILMAN, Ph.D.
*Consultant and Expert Witness in Toxicology, Carcinogenesis, Pharmacology,*
*and Pharmacy*
14317 Bauer Drive
Rockville, MD 20853
Phone: 301-871-6715    Fax: 301-871-5586
hmilman@toxnetwork.com
www.toxnetwork.com

### RESUME

**EXPERIENCE**

1998-present          ToxNetwork.*com*
                      *President*

o   Consultant and Expert Witness (Defense, Plaintiff) in Toxicology, Carcinogenesis,
    Pharmacology, and Pharmacy Standard of Care to prestigious law firms, chemical
    companies, trade associations, public relations agencies, national and international
    organizations, and print and electronic media.

1990-1998          US Environmental Protection Agency          Washington, DC
                   *Senior Science Advisor and Senior Toxicologist*
                   *Risk Assessment Division*
                   *Office of Pollution Prevention and Toxics*

*   Conducted numerous health evaluations and risk assessments on important
    environmental chemicals under Sections 4, 5 and 6 of the Toxic Substances Control
    Act;
*   Managed the preparation of preliminary guidelines for "Risk-Risk Tradeoff";
*   Managed extramural contracts totaling hundreds of thousands of dollars;
*   Advised the Director of the Health and Environmental Review Division of the Office
    of Toxic Substances on science issues in cancer, toxicology, chemical testing, and risk
    assessment; and
o   Coordinated scientific activities between the Office of Pesticides and Toxic
    Substances of EPA, the National Toxicology Program of NIH, various other
    governmental agencies, and national and international health organizations and
    laboratories.

1989-1990          US Environmental Protection Agency          Washington, DC
                   *Manager*
                   *Analysis and Support Division, Office of Radiation Programs*

*   Managed, provided guidance to and coordinated activities with staff from the
    Agency for Toxic Substances and Disease Registry related to the evaluation of the
    toxicology of radioactive substances.

*A CERTIFIED*
*TRUE COPY*

William B. Sinclair

*CLERK OF COURT*
*MARLBORO COUNTY*

1988-1989          US Environmental Protection Agency          Washington, DC
                   *Senior Scientist*
                   *Office of International Activities*
- Coordinated Agency participation in the Organization for Economic Cooperation and Development, the World Health Organization, the WHO-led United Nations International Program on Chemical Safety, and other United Nations specialized agencies; and
- Represented the Agency in dealing with the regulated community to ensure that it complied with US regulations concerning international shipments of hazardous wastes;

1980-1988          US Environmental Protection Agency          Washington, DC
                   *Senior Toxicologist*
                   *Health and Environmental Review Division, Office of Toxic Substances*
- As acting Team Leader, supervised a team of six scientists responsible for reviewing toxicology and cancer studies;
- Evaluated and validated cancer studies under Sections 4,5 and 6 of the Toxic Substances Control Act;
- Implemented a research program on the use of biochemical and immunological markers as early indicators of cancer in experimental animals; and
- Managed several extramural research projects.

1977-1980          US National Cancer Institute, NIH          Bethesda, MD
                   *Pharmacologist*
                   *National Toxicology Program, Carcinogenesis Testing Program*
- Managed, designed, monitored, and evaluated long-term animal cancer studies; and
- Coordinated testing activities between the US National Cancer Institute and the US National Institute of Environmental Health Sciences.

1970-1977          US National Cancer Institute, NIH          Bethesda, MD
                   *Research Pharmacist*
                   *Laboratory of Toxicology, Division of Cancer Treatment*
- Conducted research on anti-cancer drugs; and
- Discovered the enzyme "L-asparagine synthetase" in pancreas of mammalian and avian species.

1968-1970          White Earth Indian Reservation          White Earth, MN
                   *Chief Pharmacist*
- Set up the first pharmacy in an outpatient clinic on an Indian reservation.

*A CERTIFIED*
*TRUE COPY*

William B. Vanderburk

*CLERK OF COURT*  2
*MARLBORO COUNTY*

2013 DEC. 5 PM 2 40  FILED
WILLIAM B. VANDERBURK
CLERK OF COURT
MARLBORO COUNTY, SC

## PRESENTATIONS and PUBLICATIONS

- Organized, presented at or attended over 25 national or international conferences;
- Published over 70 scientific papers and abstracts on cancer, toxicology and pharmacology;
- Wrote and evaluated numerous hazard and risk assessments for the US Environmental Protection Agency;
- Edited 5 books including the *Handbook of Carcinogen Testing, Markers of Chemically Induced Cancer,* and *Biochemical Mechanisms and Regulation of Intercellular Communication.*

## MEMBERSHIP in PROFESSIONAL SCIENTIFIC and PHARMACEUTICAL SOCIETIES, ASSOCIATIONS, ORGANIZATIONS and ADVISORY COMMITTEES

- Society of Toxicology (SOT)
- National Capital Area Chapter of the Society of Toxicology *(President, '05-'06; Vice President, '04-'05; Councilor and Newsletter Editor, '00-'03)* (NCAC-SOT)
- American Society for Pharmacology and Experimental Therapeutics (ASPET)
- American Pharmacists Association (APhA)
- US Surgeon General C. Everett Koop's Scientist Professional Advisory Committee *(Chairman, '88-'89)*
- US Public Health Service Centennial Planning Committee
- Peer Reviewer – *Journal of Toxicology and Applied Pharmacology*
- Peer Reviewer – *Annals of Pharmacotherapy*

## LICENSES

- Pharmacist *(ret.)*, MD and NY

## AWARDS

- US Public Health Service Citation ('84; '89; '90)
- US Public Health Service Commendation Medal ('80)
- US Environmental Protection Agency Bronze Medal for Commendable Service ('84)

*A CERTIFIED
TRUE COPY*

William B. Funderburk

*CLERK OF COURT
MARLBORO COUNTY*  3

## EDUCATION

- Ph.D. *(Pharmacology)*, 1978 -- George Washington University, Washington, DC
- M.S. *(Pharmaceutics)*, 1968 -- St. John's University, Jamaica, NY
- B.S. *(Pharmacy)*, 1966 -- Columbia University, New York, NY

## MILITARY SERVICE

1968-1998        Commissioned Corps of the US Public Health Service
                 *Captain (ret.)*

## LIST OF PUBLICATIONS

### BOOKS

1. Milman, H.A. and Sell, S. (eds.), *Application of Biological Markers to Carcinogen Testing*, New York and London: Plenum Publishing Corp. (1983).
2. Freeman, G. and Milman, H.A. (eds.), *Markers of Chemically Induced Cancer*, New Jersey: Noyes Publications (1984).
3. Milman, H.A. and Weisburger, E.K. (eds.), *Handbook of Carcinogen Testing*, New Jersey: Noyes Publications (1985).
4. Milman, H.A. and Elmore, E. (eds.), *Biochemical Mechanisms and Regulation of Intercellular Communication*, New Jersey: Princeton Scientific Co., Inc. (1988).
5. Milman, H.A. and Weisburger, E. (eds.), *Handbook of Carcinogen Testing, 2nd edition*, New Jersey: Noyes Publications (1994).

### PUBLICATIONS

1. Cooney, D.A., Milman, H.A. and Truitt, R.: Disposable and versatile vessels for microdiffusion studies. *Anal. Biochem.* **41**:583-589 (1971).
2. Cooney, D.A. and Milman, H.A.: A radiometric technique for measuring L-asparagine synthetase in picomole quantities. *Biochem. J.* **129**:953-960 (1972).
3. Goldberg, A.I., Cooney, D.A., Glynn, J.P., Homan, E.R., Gaston, M.R. and Milman, H.A.: The effects of immunization to L-asparaginase on antitumor and enzymatic activity. *Cancer Res.* **33**:256-261 (1973).
4. Milman, H.A. and Cooney, D.A.: The distribution of L-asparagine synthetase in the principal organs of several mammalian and avian species. *Biochem. J.* **142**:27-35 (1974).
5. Cooney, D.A., Milman, H.A. and Homan, E.R.: A radiometric technique for measuring nicotinamide adenine dinucleotide in femtomole quantities. Methodology and application. *Anal. Biochem.* **63**:528-542 (1975).

*A CERTIFIED*
*TRUE COPY*

William B. _____

*CLERK OF COURT*
*MARLBORO COUNTY*

6. Jayaram, H.N., Cooney, D.A., Milman, H.A., Homan, E.R., King, V.M. and Cragoe, E.J.: Ethacrynic acid – an inhibitor of L-asparagine synthetase. *Biochem. Pharmacol.* 24:1787-1792 (1975).

7. Cooney, D.A., Milman, H.A., Jayaram, H.N. and Homan, E.R.: Inhibition of L-asparagine synthetase by mucochloric and mucobromic acids. *Enzyme* 21:524-539 (1976).

8. Jayaram, H.N., Cooney, D.A., Milman, H.A., Homan, E.R. and Rosenbluth, R.J.: DON, CONV and DONV I: Inhibition of L-asparagine synthetase *in vitro*. *Biochem. Pharmacol.* 25:1571-1582 (1976).

9. Rosenbluth, R.J., Cooney, D.A., Jayaram, H.N., Milman, H.A. and Homan, E.R.: DON, CONV and DONV II: Inhibition of L-asparagine synthetase *in vivo*. *Biochem. Pharmacol.* 25:1851-1858 (1976).

10. Cooney, D.A., Jayaram, H.N., Milman, H.A., Homan, E.R., Pittillo, R., Geran, R.I., Ryan, J. and Rosenbluth, R.J.: DON, CONV and DONV III: Pharmacologic and toxicologic studies. *Biochem. Pharmacol.* 25:1859-1870 (1976).

11. Cooney, D.A., Milman, H.A. and Taylor, Jr., B.: A radiometric method for the measurement of L-asparaginase at concentrations below $1 \times 10^{-5}$ I.U./ml. Technique and application. *Biochem. Med.* 15:190-205 (1976).

12. Cooney, D.A., Driscoll, J.S., Milman, H.A., Jayaram, H.N. and Davis, R.D.: Inhibitors of L-asparagine synthetase, *in vitro*. *Cancer Treatment Rpts.* 60:1493-1557 (1976).

13. Cooney, D.A., Milman, H.A., Cable, R.G., Dion, R.L., Bono, Jr., V.H., Karran, K. and Friedel, H.P.: Maleimide: Biochemical, pharmacologic and toxicologic studies. Interaction with L-asparagine metabolism. *Biochem. Pharmacol.* 27:151-166 (1978).

14. Milman, H.A., Cooney, D.A. and Cable, R.G.: Maleimide II: Interaction with asparaginase from *Escherichia coli*. *Biochem. Pharmacol.* 27:824-826 (1978).

15. Brynes, S., Fiorina, V.J., Cooney, D.A. and Milman, H.A.: Potential antitumor agents *via* inhibitors of L-asparagine synthetase. Substituted sulfonamides and sulfonyl hydrazides related to L-glutamine. *J. Pharmacol. Sci.* 67:1550-1553 (1978).

16. Milman, H.A., Cooney, D.A. and Applebee, S.: A radiometric method for the measurement of L-asparagine synthetase activity: Comparison with available methods. *Int. J. Biochem.* 9:803-816 (1978).

17. Milman, H.A., Ward, J.M. and Chu, K.C.: Pancreatic carcinogenesis and naturally occurring pancreatic neoplasms of rats and mice in the NCI Carcinogenesis Testing Program. *J. Environ. Pathol. Toxicol.* 1:829-840 (1978).

18. Milman, H.A., Muth, R. and Cooney, D.A.: Aminomalonic acid and its congeners as potential *in vivo* inhibitors of L-asparagine synthetase. *Enzyme* 24:36-47 (1979).

19. Milman, H.A. and Cooney, D.A.: Partial purification and properties of L-asparagine synthetase from mouse pancreas. *Biochem. J.* 181:51-59 (1979).

20. Milman, H.A., Cooney, D.A. and Young, D.M.: Role of pancreatic L-asparagine synthetase in the homeostasis of L-asparagine. *Am. J. Physiol.* 236:E746-E753 (1979).

21. Milman, H.A., Peckham, J.C., Ward, J.M. and Tarone, R.E.: Reduction of the severity of nephropathy in aging Fischer 344 rats treated with analogs of arylsulfonylurea. *Toxicol. Appl. Pharmacol.* 49:425-430 (1979).

*A CERTIFIED*
*TRUE COPY*

William B. Sunderbynk

*CLERK OF COURT*
*MARLBORO COUNTY*

22. Milman, H.A., Cooney, D.A. and Ward, J.M.: Inhibition of L-asparagine synthetase by mineral cations. *Toxicol. Appl. Pharmacol.* 50:573-580 (1979).

23. Milman, H.A., Cooney, D.A. and Huang, C.Y.: Studies on the mechanism of the glutamine-dependent reaction catalyzed by asparagine synthetase from mouse pancreas. *J. Biol. Chem.* 255:1862-1866 (1980)

24. Cooney, D.A., Jones, M.T., Milman, H.A., Young, D.M. and Jayaram, H.N.: Regulators of the metabolism of L-asparagine. A search for endogenous inhibitors. *Int. J. Biochem.* 11:519-539 (1980).

25. Chu, K.C. and Milman, H.A.: Review of experimental carcinogenesis by compounds related to vinyl chloride. *Environ. Health Perspect.* 41:211-220 (1981).

26. Milman, H.A., Hurley, P.M. and Auletta, A.: An overview of current efforts in short-term carcinogen testing. *Environ. Health Perspect.* 50:355-357 (1983).

27. Milman, H.A.: An overview of current research efforts on the application of biological markers to carcinogen testing. In: *Application of Biological Markers to Carcinogen Testing* (H.A. Milman and S. Sell, eds.), pp. 3-5, Plenum Publishing Corp., New York and London (1983).

28. Pal, B.C., Ross, R.H. and Milman, H.A.: Nutritional requirements and contaminant analysis of laboratory animal feeds. *National Technical Information Service*, PB No. EPA-560/6-83-005, Springfield, VA (1984).

29. Milman, H.A. and Peterson, C.: Apparent correlation between structure and carcinogenicity of phenylenediamines and related compounds. *Environ. Health Perspect.* 56:261-273 (1984).

30. Mitoma, C., Steeger, T., Jackson, S.E., Wheeler, K.P., Rogers, J.H. and Milman, H.A.: Metabolic disposition study of chlorinated hydrocarbons in rats and mice. *Drug Chem. Toxicol.* 8:183-194 (1985).

31. Tu, A.S., Murray, T.A., Hatch, K.M., Sivak, A. and Milman, H.A.: In vitro transformation of BALB/c-3T3 cells by chlorinated ethanes and ethylenes. *Cancer Letters.* 28:85-92 (1985).

32. Milman, H.A.: Use of cancer markers for detection of carcinogenicity. In: *Safety Evaluation and Regulation of Chemicals 3* (F. Homburger, ed.), pp. 87-97, Karger, Basel (1986).

33. Story, D.L., Meierhenry, E.F., Tyson, C.A. and Milman, H.A.: Differences in rat liver enzyme-altered foci produced by chlorinated aliphatics and phenobarbital. *Toxicol. Ind. Health* 2:351-362 (1986).

34. Elmore, E., Milman, H.A. and Wyatt, G.P.: Applications of the chinese hamster V79 metabolic cooperation assay in toxicology. In: *Biochemical Mechanisms and Regulation of Intercellular Communication* (H.A. Milman and E. Elmore, eds.), pp. 265-292, Princeton Scientific Publishing Co., Inc., NJ (1988).

35. Milman, H.A., Story, D.L., Riccio, E.S., Sivak, A., Tu, A.S., Williams, G.M., Tong, C. and Tyson, C.A.: Rat liver and in vitro assays to detect initiating and promoting effects of chlorinated ethanes and ethylenes. *Ann. NY Acad. Sci.* 534:521-530 (1988).

36. Tyson, C.A., Gee, S.J., Hawk-Prather, K., Story, D.L. and Milman, H.A.: Correlation between in vivo and in vitro toxicity of some chlorinated aliphatics. *Toxic. in Vitro* 3:145-150 (1989).

*William B. Sunderland*

*CLERK OF COURT* [6]
*MARLBORO COUNTY*

37. Milman, H.A. and Arnold, S.B.:  Neurologic, psychological, and aggressive disturbances with sildenafil. *Annals Pharmacoth.* 36:1129-1134 (2002).

38. Milman, H.A., Bosland, M.C., Walden, P.D. and Heinze, J.E.: Evaluation of the adequacy of published studies of low dose effects of bisphenol A (BPA) on the rodent prostate for use in human risk assessment. *Regul. Toxicol. Pharmacol.* 35:338-346 (2002).

39. Milman, H.A. and Arnold, S.B.   Reply to *Letter to the Editor* re: Neurologic, psychological, and aggressive disturbances with sildenafil. *Annals Pharmacoth.* 36:1973 (2002).

40. Hotchkiss, A.K., Pyter, L.M., Gatien, M.L., Wen, J.C., Milman, H.A. and Nelson, R.J.: Aggressive behavior increases after termination of sildenafil citrate treatment in mice. *Physiol. Behavior.* 83:683-688 (2005).

41. Milman, H.A.: Possible contribution of indomethacin to the carcinogenicity of non-genotoxic bladder carcinogens that cause bladder calculi. *Drug Chem. Toxicol.* 30:161-166 (2007).

**ABSTRACTS**

1. Milman, H.A., Guarino, A.M. and Cooney, D.A.: The distribution of L-asparagine synthetase in the organs of various marine animals. *The Bulletin – Mount Desert Island Biological Laboratory,* Salisbury Cove, ME. 12:68-71 (1972).

2. Jayaram, H., Cooney, D., Milman, H., Vadlamudi, S., Greenberg, N., Goldin, A. and Mead, J.A.R.:  Inhibitors of L-asparagine synthetase of the L5178Y-resistant leukemia. *Proc. Am. Assoc. Cancer Res.* 14:109 (1973).

3. Milman, H.A., Cooney, D.A. and Young, D.M.: L-asparagine synthetase in the mammalian pancreas. *Fed. Proc.* 32:699 (1973).

4. Cooney, D.A, Milman, H.A. and Guarino, A.M.: Investigations of the biosynthesis of L-asparagine in the skate *(Raja ocellata)* and dogfish *(Squalus acanthias).* The Bulletin – Mount Desert Island Biological Laboratory,* Salisbury Cove, ME. 13:27-28 (1973).

5. Schein, P., Cooney, D., Milman, H., McMenamin, M. and Anderson, T.: Studies on the mechanism of streptozotocin diabetogenicity. *Clin. Res.* 21:653 (1973).

6. Jayaram, H.N., Cooney, D.A., Homan, E.R., Milman, H.A. and Rosenbluth, R.: Inhibitors of L-asparagine synthetase of the L5178Y-asparaginase resistant leukemia – II. *The Pharmacologist* 15:253 (1973).

7. Cable, R.G., Milman, H.A., King, V. and Taylor, B.: L-Asparagine synthetase: An enzymic marker for murine tumors. *Proc. Am. Assoc. Cancer Res.* 16:135 (1975).

8. Milman, H.A.: A comparative pharmacological study of L-asparagine synthetase from Leukemia 5178Y and mouse pancreas. *Abstracts, XIIth Int. Cancer Congress* 1:209-210 (1978).

9. Milman, H.A. and Ward, J.M.:  Nitrofen and azinphosmethyl – pancreatic carcinogens in the Osborne Mendel rat. *Abstracts, Joint Meeting of the American Pancreatic Assoc., Inc. and National Pancreatic Cancer Project* (1978).

*A TRUE COPY*

William B. Burdinbach

*CLERK OF COURT*
*MARLBORO COUNTY*