UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Caroline Quick, individually and as Personal Representative of the Estate of A.M.Q., a minor estate of A.M.Q., <br><br> Plaintiff, <br><br> v. <br><br> Francis Acaylar, M.D., individually and as an employee/agent of CareSouth Carolina, Inc.; CareSouth Carolina, Inc.; Roy Parnell, individually and as an employee/agent of Marlboro Drug Co., Inc.; Marlboro Drug Co., Inc.; <br><br> Defendants. | Civil Action No.: 4:14-cv-04712-RBH <br><br><br><br> **ORDER** |

This matter is before the Court on the United States of America's [ECF #4] motion to substitute a party and [ECF #5] motion to dismiss. Also before the Court is Plaintiff's [ECF #7] motion to remand.

This medical malpractice case was originally filed in the Marlboro County Court of Common Pleas on June 16, 2014. Plaintiff alleged medical negligence claims against Francis Acaylar, M.D., CareSouth Carolina, Inc., Roy Parnell, and Marlboro Drug Co., Inc. arising out the death of A.M.Q.

On December 12, 2014, the United States removed this case to federal court contending that CareSouth and Acaylar are both covered under the Federal Tort Claims Act ("FTCA"). The notice of removal indicated that Defendant CareSouth Carolina, Inc. ("CareSouth") is an entity covered by the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, and that Defendant Francis Acaylar, M.D. ("Acaylar") was an agent and/or employee of CareSouth.

On December 15, 2014, the United States filed a motion to substitute the United States for Defendants CareSouth and Acaylar pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233. As an attachment to the motion, the United States filed a certification of scope of employment certifying that CareSouth and Acaylar are deemed to be employees of the United States and were acting within the scope of their employment at the time of the incident alleged in the Complaint.

On December 16, 2014, the United States filed a motion to dismiss arguing that Plaintiff's claims related to CareSouth and Acaylar should be dismissed because Plaintiff failed to first submit her claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a).

On January 5, 2015, Plaintiff filed a motion to remand and memorandum in response to the United States' motion to substitute and motion to dismiss. Plaintiff argues that substitution of the United States for Defendants Acaylar and CareSouth is improper because CareSouth and Acaylar failed to cooperate in the defense of the suit. Plaintiff further argues that because substitution is improper, the case does not fall under the FTCA and should be remanded to the Marlboro County Court of Common Pleas. Plaintiff does not challenge the certification, which states that Acaylar and CareSouth are deemed employees of the United States acting within the scope of their employment at the time of the incident alleged in the Complaint.

Plaintiff argues that under 42 U.S.C. § 233(p)(5), as a consequence for CareSouth and Acaylar's failure to cooperate, the Court should not substitute the United States and should remand the case to the Marlboro County Court of Common Pleas. Title 42 U.S.C. § 233(p)(5) states that "[a] covered person *shall cooperate with the United States* in the processing and defense of a claim or action under this subsection based upon alleged acts or omissions of such person." 42 U.S.C. § 233(p)(5) (emphasis added). Section 233(p)(5)(B) provides that upon a finding that a covered

person has failed to cooperate with the United States, the court shall substitute such person as the party defendant and, upon motion, shall remand any such suit to the court in which it was instituted. 42 U.S.C. § 233(p)(5)B). Plaintiff's reliance on this passage as a basis to defeat the application of the FTCA is misplaced. First, it is questionable whether this section even applies to the instant case as it appears under the heading "Administration of smallpox countermeasures by health professionals." *See* 42 U.S.C. § 233(p)(5). Second, regardless of the reference to "smallpox" above, and more importantly, the section requires cooperation with the United States, not cooperation with the opposing party. Section 233(p)(5) provides no consequences for any alleged failures to "cooperate" with the Plaintiff.

As stated above, Plaintiff does not challenge the certification stating that CareSouth and Acaylar are covered under the FTCA. Because the United States Attorney has certified that CareSouth and Acaylar were employees of the United States and were acting within the scope of their employment at the time of the incident giving rise to the Complaint, the United States is the proper party defendant pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233. Accordingly, the United States of America is hereby substituted as the party defendant in the place of CareSouth and Acaylar.

With regard to the motion to dismiss, the United States argues that Plaintiff's claims related to Acaylar and CareSouth should be dismissed because Plaintiff failed to submit her claim to the appropriate administrative agency prior to filing this lawsuit.[1] Plaintiff does not dispute that she has

---

[1] The United States also argues that Plaintiff's claim should be dismissed as time barred because Plaintiff did not file an administrative claim within the two year statute of limitations found in 28 U.S.C. § 2401. The Court declines to make any findings with regard to the statute of limitations because it is without jurisdiction to do so. With that said, the Court notes that A.M.Q. appears to have passed away on or about June 9, 2013.

3

not filed an administrative claim with the appropriate federal agency.

The FTCA provides that plaintiffs must submit an administrative claim before filing suit in court. Title 28 U.S.C. § 2675(a) states

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). The Fourth Circuit Court of Appeals has held that the requirement of filing an administrative claim is jurisdictional and may not be waived; dismissal is mandatory if the plaintiff fails to file a claim with the proper agency. *Henderson v. United States*, 785 F.2d 121, 123-24 (4th Cir. 1986). Because it is clear that Plaintiff did not file an administrative claim with the appropriate federal agency before filing this lawsuit, this Court lacks jurisdiction and the claims against the United States (Acaylar and CareSouth) are due to be dismissed *without prejudice* for failure to exhaust administrative remedies. Again, as noted in footnote one, the Court declines to dismiss the claim *with prejudice* as time barred.

Having dismissed the only claims giving rise to federal jurisdiction, this Court declines to exercise supplemental jurisdiction over the state law claims alleged against Roy Parnell and

Marlboro Drug Co., Inc. pursuant to 28 U.S.C. § 1367(c). Accordingly, this case is due to be remanded to the Marlboro County Court of Common Pleas.

## CONCLUSION

For the reasons stated above, the United States' [ECF #4] motion to substitute is **GRANTED**. The United States of America is hereby substituted as the proper party defendant in the place of Francis Acaylar, M.D. and CareSouth Carolina, Inc.

The United States' [ECF #5] motion to dismiss is **GRANTED** and the claims against the United States are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

Plaintiff's [ECF #7] motion to remand is **GRANTED in part and DENIED in part**. The remaining claims against Roy Parnell and Marlboro Drug Co., Inc. are hereby **REMANDED** to the South Carolina Court of Common Pleas for Marlboro County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Marlboro County, South Carolina.

April 30, 2015                                                 s/ R. Bryan Harwell
Florence, South Carolina                                 R. Bryan Harwell
                                                                       United States District Judge